IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-10080-01-WEB |
| ) | |
| ANTHONY R. ROMERO, ) | |
| a/k/a Victor Hugo Gonzales, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the parties' objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of February 27, 2006. This written memorandum will supplement the court's oral rulings.

I. *Government's Objection*.

The Government argues there should be a 2-level enhancement for Obstruction of Justice under USSG § 3C1.1. It argues the defendant committed perjury at his trial. In support, the Government has provided the court with excerpts from the testimony of defendant's girlfriend before the grand jury and at trial. These excerpts show that before the grand jury, the girlfriend testified the defendant told her nothing about a set of electronic scales found in their house by the police. At trial, however, she testified that the scales were used to weigh jewelry as part of a jewelry business she operated. At trial, the defendant provided testimony similar to Ms. Montoya's trial testimony.

Section 3C1.1 provides for a 2-level increase if the defendant willfully obstructed or impeded, or

attempted to obstruct or impede, the administration of justice during the investigation or prosecution of the instant offense. The commentary makes clear that perjury is the type of conduct to which the enhancement applies. To apply the enhancement, the district court must generally identify the perjurious statement, and must make findings as to all the factual predicates for perjury, including a finding that the defendant gave false testimony under oath concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. *United States v. Hawthorne*, 316 F.3d 1140 (10th Cir. 2003).

The court concludes that no perjury enhancement should be made here. Although the court's recollection is that the defendant's testimony about these scales was questionable, the court finds an insufficient showing of specificity has been made concerning his testimony, such that it precludes application of the enhancement. Furthermore, no other specific statements by defendant under oath have been specifically shown to be a proper basis for the enhancement.

II. *Defendant's Objections*.

Defendant did not initially file any objections to the Presentence Report, but he has now filed a sentencing memorandum raising two issues. Defendant's first objection was a challenge to the criminal history computation. Defendant objected to the prior conviction listed in ¶ 34 because he asserted he did not remember this conviction and because there was no evidence that he had an attorney or waived representation in that case. At the sentencing hearing, however, defense counsel announced that further investigation had produced a waiver of counsel executed by the defendant in connection with the prior conviction, and that the defendant was withdrawing this challenge to the Presentence Report.

Defendant's second objection is that he should receive a lesser sentence based on his "minimal

involvement" in the distribution of the drugs for which he was convicted.  He says there was no evidence to contradict his trial testimony that he was merely holding the cocaine for a friend.  He also says there was no evidence that he had large sums of cash, materials for cutting or re-packaging drugs, lists of customers, or testimony that he sold drugs to anyone.  Defendant argues he should receive a sentence of 10 years, which by statute is the mandatory minimum sentence for his cocaine offense.

Section 3B1.3 of the guidelines provides a range of reductions (anywhere between 2 and 4 points) for a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant."  Based on the evidence at trial, the court cannot find the defendant is entitled to any reduction for his role in the offense.  The evidence showed that the defendant personally stored or transported a substantial quantity of drugs, and that he did so knowing he was aiding in the distribution of those drugs.  Moreover, as the Government points out, there is no evidence to corroborate his unsubstantiated claims that he was a minor participant in the offenses for which he was convicted.  His conduct does not merit a reduction for being a minor or minimal participant.

III. *Conclusion*.

The parties' objections to the Presentence Report are DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   28th    Day of February, 2006, at Wichita, Ks.

                                            s/Wesley E. Brown
                                            Wesley E. Brown
                                            U.S. Senior District Judge